AF Approval __NA__                                      Chief Approval __CB__

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                CASE NO. 6:24-cr-37-JA-RMN

RICHARD EUGENE FINDLEY

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B.

Handberg, United States Attorney for the Middle District of Florida, and the

defendant, RICHARD EUGENE FINDLEY, and the attorney for the defendant,

Alec Fitzgerald Hall, Esq., mutually agree as follows:

**A.     Particularized Terms**

    1.     Counts Pleading To

The defendant shall enter a plea of guilty to Counts One and Three of

the Indictment.  Count One charges the defendant with theft of government

property, in violation of 18 U.S.C. § 641. Count Three charges the defendant with

aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).

    2.     Minimum and Maximum Penalties

Count One carries a maximum sentence of 10 years' imprisonment; a

fine of not more than $250,000; a term of supervised release of not more than 3

years; and a special assessment of $100.

Defendant's Initials 

Count Three is punishable by a mandatory term of imprisonment of 2 years, which must run consecutively to the term of imprisonment imposed for Count One; a fine of not more than $250,000; a term of supervised release of not more than 1 year; and a special assessment of $100.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

3.    Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First:      The money or thing of value described in the Indictment belonged to the United States;

Second:     The defendant embezzled, stole, purloined, or knowingly converted the money or thing of value to the defendant's own use or to someone else's use;

Third:      The defendant knowingly and willfully intended to deprive the United States of the use or benefit of the money or thing of value; and

Fourth:     The money or thing of value had a value greater than $1,000.

The elements of Count Three are:

First:      The defendant knowingly transferred, possessed, or used another person's means of identification;

Defendant's Initials R.E.F                     2

Second:      Without lawful authority;

Third:       During and in relation to a felony offense of theft of government
             property, in violation of 18 U.S.C. § 641; and

Fourth:      The defendant knew that the means of identification belonged to
             an actual person.

4.    Counts Dismissed

At the time of sentencing, the remaining counts against the defendant,

Counts Two, Four, Five, and Six, will be dismissed pursuant to Fed. R. Crim. P.

11(c)(1)(A).

5.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's

Office for the Middle District of Florida agrees not to charge defendant with

committing any other federal criminal offenses known to the United States

Attorney's Office at the time of the execution of this agreement, related to the

conduct giving rise to this plea agreement.

6.    Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), the defendant agrees to make

full restitution to E.G., the identity theft victim, and the Social Security

Administration. The defendant agrees that the amount of restitution due to the

Social Security Administration is $22,024. The defendant further agrees that the

offense described in Count Two of the Indictment gave rise to this plea agreement

under 18 U.S.C. § 3663A(c), and the defendant therefore agrees to make full

Defendant's Initials _R.E.F_                          3

restitution to the United States Department of Agriculture in the amount of $20,239.63.

      7.     Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

      8.     Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies

Defendant's Initials R.E.F               4

with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.     Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the $22,024.00 in proceeds the defendant admits he obtained, as the result of the commission of the offenses to which the defendant is pleading guilty. The defendant acknowledges and agrees that: (1) the defendant obtained this amount as a result of the commission of the offense(s), and (2) as a result of the acts and omissions of the defendant, the proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence. Therefore, the defendant agrees that, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeit any other

Defendant's Initials R.E.P                    5

property of the defendant (substitute assets), up to the amount of proceeds the defendant obtained, as the result of the offenses of conviction. The defendant further consents to, and agrees not to oppose, any motion for substitute assets filed by the United States up to the amount of proceeds obtained from commission of the offenses and consents to the entry of the forfeiture order into the Treasury Offset Program. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

The defendant additionally agrees that since the criminal proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence, the preliminary and final orders of forfeiture should authorize the United States Attorney's Office to conduct discovery (including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas), pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, to help identify, locate, and forfeit substitute assets.

The defendant also agrees to waive all constitutional, statutory, and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture

Defendant's Initials R.E.F                              6

of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing. In addition to providing full and complete information about substitute

Defendant's Initials _R.E.F_                                 7

assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including the forfeiture of any substitute assets, is final.

B.    **Standard Terms and Conditions**

1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any

Defendant's Initials _R.E.F_                    8

victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

2.    Supervised Release

The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials R. E E                    9

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the counts to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.

Defendant's Initials R.E F                    10

The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.      Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and

Defendant's Initials R.E.F                    11

the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

      7.      <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials R.E.F           12

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that

Defendant's Initials R.E.F          13

defendant has the right to be tried by a jury with the assistance of counsel, the right

to confront and cross-examine the witnesses against defendant, the right against

compulsory self-incrimination, and the right to compulsory process for the

attendance of witnesses to testify in defendant's defense; but, by pleading guilty,

defendant waives or gives up those rights and there will be no trial.  The defendant

further understands that if defendant pleads guilty, the Court may ask defendant

questions about the offense or offenses to which defendant pleaded, and if defendant

answers those questions under oath, on the record, and in the presence of counsel (if

any), defendant's answers may later be used against defendant in a prosecution for

perjury or false statement.  The defendant also understands that defendant will be

adjudicated guilty of the offenses to which defendant has pleaded and, if any of such

offenses are felonies, may thereby be deprived of certain rights, such as the right to

vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty.  The

defendant certifies that defendant does hereby admit that the facts set forth in the

attached "Factual Basis," which is incorporated herein by reference, are true, and

were this case to go to trial, the United States would be able to prove those specific

facts and others beyond a reasonable doubt.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the

government and the defendant with respect to the aforementioned guilty plea and no

Defendant's Initials R. E F                              14

other promises, agreements, or representations exist or have been made to the

defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement

has been read in its entirety by (or has been read to) the defendant and that defendant

fully understands its terms.

DATED this ___12th___ day of ___April___, 2024.


ROGER B. HANDBERG
United States Attorney


Richard Eugene Findley
Defendant


Matthew J. Del Mastro
Special Assistant U.S. Attorney


Alec Fitzgerald Hall
Attorney for Defendant


Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division


Defendant's Initials R.E.F                     15

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


UNITED STATES OF AMERICA

v.                                              CASE NO. 6:24-cr-37-JA-RMN

RICHARD EUGENE FINDLEY

PERSONALIZATION OF ELEMENTS
**Count One**

First:          Did the money or thing of value described in the Indictment
                belong to the United States?

Second:         Did you embezzle, steal, purloin, or knowingly convert the
                money or thing of value to your own use or to someone else's
                use?

Third:          Did you knowingly and willfully intend to deprive the United
                States of the use or benefit of the money or thing of value?

Fourth:         Did the money or thing of value have a value of greater than
                $1,000?

**Count Three**

First:          On or about July 28, 2020, did you knowingly transfer, possess,
                or use a means of identification belonging to E.G.?

Second:         Did you do so without lawful authority?

Third:          Did you do so during and in relation to a felony offense of theft
                of government property, in violation of 18 U.S.C. § 641?

Fourth:         Did you know that E.G. was an actual person?


Defendant's Initials R.E.F                      16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:24-cr-37-JA-RMN

RICHARD EUGENE FINDLEY

FACTUAL BASIS

### *Background of the Defendant's Theft and Use of E.G.'s Identity*

The defendant found E.G.'s identification card, Social Security card, and birth certificate in an apartment he was renovating in Rochester, New York in the 1990s and has used E.G.'s identity without his permission since then. The defendant obtained a reprint of E.G.'s Social Security card from the Social Security Administration in Ohio in April 2018.

### *Florida Driver's License*

The defendant originally obtained a Florida driver's license in E.G.'s name in June 2011. He obtained an updated Florida driver's license in E.G.'s identity on July 24, 2019. In support of this 2019 application, the defendant provided the Florida Department of Highway Safety and Motor Vehicles (FLHSMV) the following documentation: a New York birth certificate in E.G.'s name and date of birth; an Ohio identification card bearing E.G.'s name and date of birth and the defendant's photograph; the Social Security card the defendant had obtained in April 2018 in

Defendant's Initials *R.E.F*                    17

E.G.'s name and Social Security Number (SSN); and a Volusia County residential address.

### *Social Security Benefits*

On or about November 13, 2018, the defendant applied for Social Security disability insurance benefits (DIB), using E.G.'s name and SSN. In his application, he listed his current income as Supplemental Nutrition Assistance Program (SNAP) benefits. The defendant (as "E.G.") was awarded DIB, with payment beginning February 2019. These DIB benefits were direct deposited on a monthly basis into the defendant's JPMorgan Chase bank account, from which the defendant withdrew and spent the money in the Middle District of Florida. DIB were paid to the defendant until April 2021, when they were stopped on suspicion of fraud. In total, the defendant received $22,024 in Social Security DIB under E.G.'s identity to which the defendant was not entitled. That money belonged to the United States.

After these DIB were stopped, the defendant applied for Social Security disability benefits under his own identity on July 28, 2022, and on October 25, 2022. Both applications were denied. In the October 2022 application, the defendant falsely responded "no" when asked if he had used any other names or Social Security numbers.

### *Supplemental Nutrition Assistance Program (SNAP) Benefits*

In February 2011, the defendant applied for and began receiving SNAP benefits using E.G.'s name, SSN, and date of birth. To continue receiving SNAP benefits, the defendant provided re-applications/re-certifications generally every

Defendant's Initials *R.E.F*                18

several months, through February 2016. Each time, he used E.G.'s name, SSN, and date of birth. After a break in SNAP applications/benefits from April 2016 through May 2019, the defendant applied again for SNAP benefits using E.G's identity in June 2019. In his application he stated that he and his wife had just relocated to Florida from Ohio and were living at a hotel in Daytona Beach. In a March 19, 2020, reapplication, he updated his residence to an Ora St., Daytona Beach address.

The defendant submitted another reapplication electronically on July 28, 2020. In it, he again used E.G.'s name, date of birth, and SSN. When he submitted this reapplication, the defendant did not have lawful authority to use E.G.'s identification. The defendant knew that E.G. was a real person.

The SNAP benefits the defendant obtained in E.G.'s identity were deposited onto electronic benefit transfer (EBT) cards. The defendant spent the money on the EBT cards at a variety of retail establishments in the Middle District of Florida. In total, the defendant received and spent $20,239.63 in SNAP benefits under E.G.'s identity to which the defendant was not entitled. That money belonged to the United States.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.

Defendant's Initials *K.E.F*                    19